O

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

JUL 3 0 2010

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

STEVEN PIERCE,

          Plaintiff,

        vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

          Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 09-8177 RNB

ORDER AFFIRMING DECISION OF
COMMISSIONER

The Court now rules as follows with respect to the three disputed issues listed in the Joint Stipulation.[1]

With respect to Disputed Issue No. 3, for the reasons stated by the Commissioner (see Jt Stip at 17-19), the Court finds and concludes that reversal is not

---

[1]    As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

1   warranted based on the ALJ's alleged failure to make a proper adverse credibility

2   determination. Put another way, the Court finds and concludes that the ALJ's adverse

3   credibility determination was proper because it was supported by substantial evidence

4   and was sufficiently specific to permit the Court to conclude that the ALJ did not

5   arbitrarily discredit plaintiff's subjective testimony. See Fair v. Bowen, 885 F.2d

6   597, 604 (9th Cir. 1989) ("Where, as here, the ALJ has made specific findings

7   justifying a decision to disbelieve an allegation of excess pain, and those findings are

8   supported by substantial evidence in the record, our role is not to second-guess that

9   decision."); see also, e.g., Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005)

10  (ALJ may properly rely on inconsistency between claimant's subjective complaints

11  and objective medical findings, and lack of consistent treatment); Morgan v. Comm'r

12  of Soc. Sec., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may properly rely on conflict

13  between claimant's testimony of subjective complaints and objective medical

14  evidence in the record); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ

15  may properly rely on lack of treatment); Johnson v. Shalala, 60 F.3d 1428, 1432 (9th

16  Cir. 1995) (ALJ may properly rely on the fact that only conservative treatment had

17  been prescribed); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may

18  properly rely on lack of objective evidence to support claimant's subjective

19  complaints and failure to pursue treatment); Flaten v. Secretary of Health & Human

20  Svcs., 44 F.3d 1453, 1464 (9th Cir. 1995) (ALJ may properly rely on minimal

21  medical treatment for back pain).

22        With respect to Disputed Issue No. 1, plaintiff contends that the ALJ's

23  determination that plaintiff could perform his past relevant work as an Estimator

24  (Contractor) was inconsistent with plaintiff's limitations because that job "exposes

25  plaintiff to work that would require him to climb ladders or scaffolds" and the ALJ's

26  residual functional capacity ("RFC") determination included a preclusion from such

27  climbing. (See Jt Stip at 3.) However, the determination that a claimant is capable of

28  performing his/her past relevant work properly may be based on **either** the past

2

1  relevant work as performed by the claimant **or** the past relevant work as generally
2  performed in the national economy. See, e.g., Matthews v. Shalala, 10 F.3d 678, 681
3  (9th Cir. 1993); Sanchez v. Secretary of Health and Human Svcs., 812 F.2d 509, 511
4  (9th Cir. 1987). Here, in his work history report, plaintiff described his estimator job
5  as involving **no** climbing. (See AR 105.) Thus, the ALJ's determination that plaintiff
6  could perform his past relevant work as actually performed was supported by the
7  evidence of record. Consequently, it is unnecessary for the Court to address
8  plaintiff's contention that the vocational expert's opinion that plaintiff was capable
9  of performing his past relevant work as generally performed in the national economy
10  conflicted with the Dictionary of Occupational Titles because even if the ALJ erred
11  in determining that plaintiff could perform his past relevant work as generally
12  performed, the error was harmless. See Burch, 400 F.3d at 679 ("A decision of the
13  ALJ will not be reversed for errors that are harmless."); Curry v. Sullivan, 925 F.2d
14  1127, 1131 (9th Cir. 1991) (harmless error rule applies to review of administrative
15  decisions regarding disability).

16      The Court's finding and conclusion that the ALJ's determination that plaintiff
17  could perform his past relevant work as actually performed was supported by the
18  evidence of record, and specifically plaintiff's work history report, also is dispositive
19  of Disputed Issue No. 2. Even if the ALJ erred in failing to make specific findings
20  of fact as to the physical and mental demands of the estimator job that the ALJ found
21  plaintiff remained capable of performing (see Social Security Ruling 82-62[2]; Pinto
22  v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001); see also Acosta v. Apfel, 15 F.
23  Supp. 2d 947, 950 (C.D. Cal. 1998)), the Court finds that the error was harmless,
24  given plaintiff's description of the requirements of that job in his work history report.

25                     *******************

26

27      [2]   The Ninth Circuit has stated that Social Security Rulings are binding on
28  ALJs. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

1    IT THEREFORE IS ORDERED that Judgment be entered affirming the
2    decision of the Commissioner and dismissing this action with prejudice.
3
4    DATED: July 28, 2010
5
6
7                                    ROBERT N. BLOCK
                                     UNITED STATES MAGISTRATE JUDGE
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                                    4